**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHANDONG SHINHO FOOD INDUSTRIES CO., LTD.,**<br><br>Plaintiff,<br><br>**v.**<br><br>**MAY FLOWER INTERNATIONAL, INC.; GB GREEN GASTRONOME, LLC; XIAOBO YAO,**<br><br>Defendants. | **CIVIL ACTION NO. 19-cv-1621-MKB-RER**<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

Shandong Shinho Food Industries Co., Ltd. ("Plaintiff" or "Shandong Shinho"), for its Second Amended Complaint against May Flower International, Inc. ("May Flower"), GB Green Gastronome, LLC ("GB Green Gastronome") and Xiaobo Yao ("Xiaobo Yao") hereby alleges as set forth below.  May Flower, GB Green Gastronome and Xiaobo Yao are collectively referred to herein as the "Defendants" and individually as the "Defendant."

## SUBSTANCE OF THE ACTION

1.     This is an action for trademark counterfeiting, trademark infringement, trade dress infringement and unfair competition with respect to Shandong Shinho's federally registered and legally incontestable CONG BAN LV Logo® (defined below) and Shandong Shinho's CONG BAN LV Trade Dress (defined below).  This case arises out of a dispute between Shandong Shinho and its former distributor, May Flower.  Prior to this dispute, Shandong Shinho and May Flower worked together amicably for many years, during which May Flower acted as the United States' east coast distributor of Shandong Shinho's products, including the CONG BAN LV® soybean paste products at issue.  Upon information and belief, by means of unfairly leveraging

its relationship with and knowledge from Shandong Shinho, May Flower produced its own soybean paste products in connection with logos and packaging that are identical or substantially indistinguishable from the CONG BAN LV Logo® and CONG BAN LV Trade Dress used by Shandong Shinho.  After learning of May Flower's unauthorized infringing and counterfeit actions, Shandong Shinho immediately terminated its distribution relationship with May Flower and filed this action.

## THE PARTIES

2.      Plaintiff, Shandong Shinho Food Industries Co., Ltd., is a limited liability company organized under the laws of the People's Republic of China, having a principal place of business in Longwangzhuang Town, Laiyang, Shandong Province, China.

3.      Upon information and belief, Defendant, May Flower International, Inc., is a corporation organized and existing under the laws of the State of New York, having a principle place of business at 56-72 49th Pl., Flushing, New York, 11379.  May Flower's registered agent is Xiao Jian Liu at P.O.B. 670757, Flushing, New York, 11367.

4.      Upon information and belief, Defendant, GB Green Gastronome, LLC, is a limited liability company organized and existing under the laws of the State of New York, having a principle place of business at 7025 68th Street, Glendale, New York 11385.

5.      Upon information and belief, Defendant, Xiaobo Yao, is an individual who resides at 6711 Myrtle Avenue, Glendale, New York 11385.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. §§ 1121, and 28 U.S.C. §§ 1331 and 1338(b), relating to federal questions and actions involving trademarks and under principles of supplemental jurisdiction.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because all of the Defendants are residents of and are domiciled in the State of New York and all of the Defendants do business in and/or have substantial contacts with and/or may be found in the Eastern District of New York and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

8.     This Court has personal jurisdiction over Defendant, May Flower, because May Flower is organized in the State of New York and has a principal place of business in the State of New York and in this District.  Upon information and belief, May Flower produces, markets, distributes, supplies and sells the soybean paste products at issue in this litigation in connection with the counterfeit and infringing packaging and logos directly and through third-party distributors and retailers, throughout the United States, including but not limited to, in the State of New York and in this District.  May Flower should reasonably expect its counterfeit and infringing activities to have consequences in the State of New York and in this District, and upon information and belief, May Flower derives substantial revenue from its counterfeit and infringing activities within the State of New York and within this District.  May Flower may reasonably anticipate being brought into a New York court.

9.     This Court has personal jurisdiction over Defendant, GB Green Gastronome, LLC, because upon information and belief, GB Green Gastronome, LLC is organized in the State of New York and has a principal place of business within the State of New York and in this District.  Upon information and belief, GB Green Gastronome, LLC produced, marketed, distributed and sold and/or currently produces, markets, distributes and sells soybean paste products under the counterfeit and infringing logos and packaging at issue in this action. Defendant, GB Green Gastronome, LLC, should reasonably expect its counterfeit and infringing

3

activities to have consequences within the State of New York and in this District, and upon information and belief, the Defendant, GB Green Gastronome, LLC, derives substantial revenue from its counterfeit and infringing activities within the State of New York and within this District. Defendant, GB Green Gastronome, LLC, may reasonably anticipate being brought into a New York court.

10. This Court has personal jurisdiction over Defendant, Xiaobo Yao, because upon information and belief, he resides in the State of New York, and upon information and belief, he has produced, marketed, distributed and sold and/or currently produces, markets, distributes and sells soybean paste products under the counterfeit and infringing logos and packaging at issue in this action. Defendant, Xiaobo Yao, should reasonably expect his counterfeit and infringing activities to have consequences in the State of New York and in this District, and upon information and belief, Xiaobo Yao derives substantial revenue from his counterfeit and infringing activities within the State of New York and within this District. Defendant, Xiaobo Yao, may reasonably anticipate being brought into a New York court.

## FACTUAL BACKGROUND

## A.  SHANDONG SHINHO'S CONG BAN LV® LOGO AND CONG BAN LV TRADE DRESS

11. Plaintiff is a leading supplier of specialty Chinese foods, such as bean curd and soybean paste. Since December 2008, Shandong Shinho has continuously marketed, distributed and sold its soybean paste products in U.S. interstate commerce in connection with a logo that consists of the Chinese characters 葱伴侣 which transliterate to CONG BAN LÜ or CONG BAN LV, and translate to "Companion of Scallion" (the "CONG BAN LV Logo®") as shown below:



12.     The CONG BAN LV Logo® consists of the following elements: (a) the Chinese characters: "蔥" (Cong), "伴" (Ban) and "侶" (Lv); (b) a curved line (or a shape that is similar to a curved line) that intersects a rectangular background design; (c) a flower comprising red, orange, yellow and green petal colors; (d) a flower with five petals that intersects a rectangular background design; (e) a rectangular background design with curved edges at the top and bottom; (f) the green color for the rectangular background design; and (g) a white outline of the perimeter of the rectangular background.

13.     The founder of Shandong Shinho, Mr. Teh-San Sun, obtained the U.S. Trademark Registration No. 4,098,259 for the CONG BAN LV Logo® on February 14, 2012, which was issued from U.S. Trademark Application No. 85/280,283 filed on March 29, 2011.  Trademark Registration No. 4,098,259 is incontestable by operation of law and covers "food seasonings; sauces; soy bean paste" in International Class 30.  *See* Exhibit A.  A Declaration of Use and/or Excusable Nonuse under § 8 of the Trademark Act was filed on July 5, 2018.

14.     On July 17, 2018, Teh-San Sun assigned U.S. Trademark Registration No. 4,098,259 for the CONG BAN LV Logo® to Plaintiff.  Shandong Shinho recorded this assignment with the United States Patent and Trademark Office on June 27, 2019.  Teh-San Sun and Shandong Shinho's affiliate, Shinho Holdings Limited own 15 other trademark registrations for the CONG BAN LV products, including in Canada, Australia, Korea, Hong Kong, Taiwan and China.

15.     Shandong Shinho produces, markets and sells its CONG BAN LV soybean paste products in connection with its well-known and distinctive CONG BAN LV Trade Dress (the "CONG BAN LV Trade Dress") which consists of: (a) the green color of the tub container; (b) the yellow color of the container cap; (c) the yellow color stripe across the bottom portion of the front panel of the product label; (d) the predominantly green landscape image, which appears above the yellow color stripe on the front panel of the product label; and (e) the square shaped tub container as shown below:



16.     The CONG BAN LV Trade Dress is inherently distinctive and not functional, has acquired distinctiveness and serves to readily distinguish Shandong Shinho's CONG BAN LV products from those of its competitors.

17.     The CONG BAN LV Logo® and the CONG BAN LV Trade Dress are valid and Shandong Shinho has continuously used the CONG BAN LV Logo® and the CONG BAN LV Trade Dress since their first use in U.S. commerce.  Shandong Shinho features its CONG BAN LV® Logo and the CONG BAN LV Trade Dress in advertising and in other materials. Shandong Shinho has invested extensively in advertising the soybean paste products sold under the CONG BAN LV Logo® and encased in the CONG BAN LV Trade Dress, and Shandong Shinho advertises its soybean paste products sold under the CONG BAN LV Logo® and encased in the CONG BAN LV Trade Dress on its website, en.shinhoglobal.com/brandgroup, in catalogs, in print advertisements, in presentations and in other marketing materials.

18.     Shandong Shinho offers, markets, distributes and sells its soybean paste products under the CONG BAN LV Logo® and encased in the CONG BAN LV Trade Dress in over 800 supermarkets across the United States, including, but not limited to, in Chinese supermarkets and in mainstream supermarkets, such as Kroger and online.  As a result of Shandong Shinho's efforts, Shandong Shinho's sales of the CONG BAN LV soybean paste products have been tremendous and Shandong Shinho is recognized as an established and reputable business in the market of sauce and soybean paste products and the CONG BAN LV Logo® and CONG BAN LV Trade Dress are known by the consuming public as identifying and distinguishing Shandong Shinho's soybean paste products from those of its competitors.  Shandong Shinho's soybean paste products sold under the CONG BAN LV Logo® and encased in the CONG BAN LV Trade Dress are also currently available and sold to many consumers in many countries throughout the world, including in 209,859 retail stores in China.

**B.     DEFENDANTS' VIOLATIONS OF SHANDONG SHINHO'S INTELLECTUAL PROPERTY**

19.     Upon information and belief, at some point during the relationship between Shandong Shinho and May Flower, May Flower surreptitiously developed its own logos and packaging identical or substantially indistinguishable from the CONG BAN LV Logo® and the CONG BAN LV Trade Dress for its own soybean paste products.  May Flower's Small and Big Flower Logos (shown below) are slavish copies of Shandong Shinho's CONG BAN LV Logo®. May Flower's Small Flower and Big Flower CONG BAN JIANG Logos shown below consist of the Chinese characters 葱拌酱, which transliterate to CONG BAN JIANG, and translate to "Scallion Mixing With Bean Sauce."



| Shandong Shinho's CONG BAN LV® Logo | May Flower's Small Flower CONG BAN JIANG Logo | May Flower's Big Flower CONG BAN JIANG Logo |
| --- | --- | --- |

20.     Upon information and belief, May Flower also produces, markets, offers and sells its soybean paste products in connection with product packaging which features simulations, confusingly similar variations, or colorable imitations of the CONG BAN LV Trade Dress, and includes distinctive and protectable elements of the CONG BAN LV Trade Dress (the "Infringing Trade Dress").  The Infringing Trade Dress features (a) the green color of the tub container; (b) the yellow color of the container cap; (c) the yellow color stripe across the bottom portion of the front panel of the product label; (d) the predominantly green landscape image which appears above the yellow color stripe on the front panel of the product label; and (e) the square shaped tub container as shown below:

| Shinho's CONG BAN LV® Soybean Paste Product | May Flower's Small Flower CONG BAN JIANG Soybean Paste Product | May Flower's Big Flower CONG BAN JIANG Soybean Paste Product |
| --- | --- | --- |

21.     Upon information and belief, the sealing film of May Flower's soybean paste product displays a similarly infringing logo (the "Sealing Film Logo") that consists of the

Chinese characters 菜伴酱, which transliterate to CAI BAN JIANG, and translate to "Bean

Sauce for Vegetables," as shown below:



22.     Upon information and belief, May Flower features the Small and Big Flower

CONG BAN JIANG Logos and the Sealing Film Logo on packaging for May Flower's soybean

paste products and in marketing materials for those products.  May Flower is marketing, offering

and selling its soybean paste products in connection with the Small and Big Flower CONG BAN

JIANG Logos, the Sealing Film Logo and the Infringing Trade Dress through third-party grocery

stores and retailers and online, including in some of the exact same stores that Shandong Shinho

offers and sells its CONG BAN LV soybean paste products.  Shandong Shinho and May

Flower's respective soybean paste products are offered right next to one another on store

shelving.  *See* Exhibit B (showing Shandong Shinho's and May Flower's respective soybean

paste products being offered right next to one another on store shelving at the Jusgo

Supermarket, 9280 Bellaire Blvd., Houston, TX 77036 and at Kam Man Food, 511 Old Post Rd.

& Rt. 1, Edison, NJ 08817).  Upon information and belief, May Flower's soybean paste products

sold under the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo and the

Infringing Trade Dress are directly competitive with the soybean paste products offered and sold

by Shandong Shinho under its CONG BAN LV Logo® and the CONG BAN LV Trade Dress.

23.     Upon information and belief, the CONG BAN LV Logo® is substantially

indistinguishable from and confusingly similar to the Small and Big Flower CONG BAN JIANG

Logos and the Sealing Film Logo.  Upon information and belief, the word portion of the CONG

BAN LV Logo® and the Small and Big Flower CONG BAN JIANG Logos sound similar

because all of the Logos start with identical Chinese characters "CONG BAN."  Upon

information and belief, the meaning evoked by the parties' respective Logos is the same, namely

that consumers should use the parties' respective soybean paste products together with scallions.

24.     Upon information and belief, the CONG BAN LV Trade Dress is substantially

indistinguishable from and confusingly similar to the Infringing Trade Dress.  Upon information

and belief, the Infringing Trade Dress mimics and imitates Plaintiff's CONG BAN LV Trade

Dress.  *See* Exhibit C (comparing Shandong Shinho's CONG BAN LV Logo® and May

Flower's Small and Big Flower CONG BAN JIANG Logos and showing that the CONG BAN

LV Trade Dress is substantially indistinguishable from the Infringing Trade Dress).

25.     Upon information and belief, May Flower's counterfeit and infringing Big and

Small Flower CONG BAN JIANG Logos and the Infringing Trade Dress will cause actual

consumer confusion in the marketplace.  Prior to filing this Second Amended Complaint,

Shandong Shinho retained a survey expert who surveyed over 800 respondents who shop in

Chinese grocery stores in order to measure the likelihood of confusion between Shandong

Shinho's CONG BAN LV Logo® on the one hand, and May Flower Big and Small Flower

Logos on the other hand.  The likelihood of confusion survey revealed that 80% of survey

respondents were confused between Shandong Shinho's CONG BAN LV Logo® and May

Flower's Small Flower CONG BAN JIANG Logo, and 78% of survey respondents were

confused between Shandong Shinho's CONG BAN LV Logo® and May Flower's Big Flower

CONG BAN JIANG Logo.  *See* Exhibit D (showing the expert's summary report of the survey).

These striking survey results provide clear empirical evidence of a "presence of a likelihood of

confusion among the target audience between Plaintiff Shandong Shinho soybean paste product

and both iterations (i.e. Small Flower logo and Large Flower logo) of the Defendant's May

Flower soybean paste product." *Id.*

26.     Upon information and belief, May Flower's conduct is intentionally fraudulent,

malicious, willful and wanton.  Upon information and belief, May Flower's acts of imitation

have been committed with knowledge that such imitation is intended to be used to cause

confusion, or to cause mistake, or to deceive.  The willfulness of May Flower's conduct is

manifest from the fact that May Flower adopted the Big and Small Flower CONG BAN JIANG

Logos, the Infringing Sealing Film Logo and the Infringing Trade Dress sometime during May

Flower's relationship with Shandong Shinho, after May Flower had enough competitive

information from Shandong Shinho to unfairly attempt to usurp Shandong Shinho's business.

Upon information and belief, after Shandong Shinho discovered May Flower's infringing CONG

BAN JIANG bean paste products, Shandong Shinho asked May Flower to investigate who was

committing the infringement, and May Flower then concealed its involvement by representing

that another party was producing and selling the infringing CONG BAN JIANG products.  May

Flower then deceived Shandong Shinho into believing that it was actually addressing the

infringement, and tried to dissuade Shandong Shinho from taking any further action.

27.     Upon information and belief, May Flower's conduct is also intentionally

fraudulent, malicious, willful and wanton because May Flower filed infringing trademark

applications in the names of GB Green Gastronome, LLC and Xiaobo Yao to disguise its

infringing and counterfeit enterprise.  Upon information and belief, Defendant, GB Green

Gastronome, LLC, is an entity that is related to May Flower and has an address similar to May

Flower's address.  Upon information and belief, GB Green Gastronome, LLC filed U.S.

trademark application number 88/061,719 for a logo comprising the Chinese characters 葱拌酱,

which transliterate to CONG BAN JIANG and translate to "Scallion Mixing With Bean Sauce" (the "GB Green Gastronome Infringing Application") in connection with a variety of sauce products as well as in connection with "steamed buns stuffed with red bean paste" in International Class 30 based on use in U.S. interstate commerce and as shown below:



28.     Upon information and belief, on August 1, 2018, GB Green Gastronome, LLC filed a specimen with the U.S. Patent and Trademark Office showing that GB Green Gastronome, LLC uses the logo covered by the GB Green Gastronome Infringing Application and the specimen featured soybean sauce products that contained a logo substantially indistinguishable from Shandong Shinho's CONG BAN LV Logo®:



29.     Upon information and belief, Defendant, Xiaobo Yao, is an individual who is related to May Flower and has an address similar to May Flower's address.  On January 25, 2018, Xiaobo Yao filed U.S. trademark application number 87/770,958 for a logo comprising the Chinese characters 葱拌酱, which transliterate to CONG BAN JIANG and translate to "Scallion Mixing With Bean Sauce" (the "Yao Infringing Character Application") in connection with "bean paste"; "seasoned bean paste"; and "soy bean paste" as well as other sauce and paste

products in International Class 30 among other goods and based on use in U.S. interstate
commerce as shown below:



30.    Upon information and belief, on January 25, 2018 and May 24, 2018, Xiaobo Yao
filed specimens with the United States Patent and Trademark Office showing his use of the mark
covered by the Yao Infringing Character Application and the specimens featured soybean sauce
products which contained a logo substantially indistinguishable from Shandong Shinho's CONG
BAN LV Logo® and the products were encased in packaging that is substantially
indistinguishable from Shandong Shinho's CONG BAN LV Trade Dress:



31.    Upon information and belief, on September 15, 2015, Xiaobo Yao also filed U.S.
trademark application number 86/757408 for a logo comprising the Chinese characters 葱拌酱,
which transliterate to CONG BAN JIANG and translate to "Scallion Mixing With Bean Sauce"
(the "Yao Infringing Logo Application") in connection with "bean paste"; "miso bean paste";

"seasoned bean paste"; "seasoning pastes"; "soy bean paste"; and "soya bean paste" in International Class 30 based on use in U.S. interstate commerce, as shown below:



32.     Upon information and belief, on September 15, 2015, Xiaobo Yao filed a specimen showing his use of the mark covered by the Yao Infringing Logo Application and the specimen featured a soybean paste product with a logo substantially indistinguishable from Shandong Shinho's CONG BAN LV Logo® and the product was encased in packaging that is substantially indistinguishable from Shandong Shinho's CONG BAN LV Trade Dress:



33.     Upon information and belief, the Defendants' actions are the essence and hallmarks of bad faith and vexatious litigation meant to harass or subdue Plaintiff.  Indeed, after this action was filed, May Flower and two individuals acting in concert with May Flower, namely "Harry Li" and "Captain Liu" filed at the U.S. Trademark Trial and Appeal Board eight petitions to cancel and two notices of opposition against Shandong Shinho's and Teh-San Sun's U.S. trademark applications and registrations.  *See* U.S. Trademark Cancellation Proceeding

Nos. 92070528, 92070509, 92069339, 92072769, 92072841, 92072865, 92072917, and

92072917; U.S. Trademark Opposition Proceeding Nos. 91246143 and 91252185.  The U.S.

Trademark Trial and Appeal Board granted Teh-San Sun's motions to dismiss the three actions

filed by Harry Li in January 2019 with prejudice because his claims were totally baseless and

lacked merit.  *See* Opposition Proceeding No. 91246143 and Cancellation Proceeding Nos.

92070528 and 92070509.  The U.S. Trademark Trial and Appeal Board stayed U.S. Cancellation

Proceeding No. 92069339 pending the outcome of this action because that proceeding concerns

Shandong Shinho's U.S. registration for the CONG BAN LV Logo®.  May Flower only recently

filed the remaining actions in November 2019, but like the other actions filed by May Flower,

these actions are baseless and Shandong Shinho will seek to have the U.S. Trademark Trial and

Appeal Board dismiss the same.  Upon information and belief, May Flower is merely filing these

repetitive, burdensome, and unwarranted actions with the U.S. Trademark Trial and Appeal

Board to abuse and harass Shandong Shinho and to leverage settlement in this action.

      34.     Upon information and belief, the Defendants' intentional and willful action is also

evidenced by the fact that Defendant, GB Green Gastronome LLC, is also producing, offering

and selling its own food products under well-known Chinese brands owned by third parties.

Upon information and belief, GB Green Gastronome applied to register well-known brands

owned by Tingyi Hold Corporation, Beijing Daoxiangcun Foodstuff Co. Ltd, Liuzhou

Haohuanluo Food Co., Ltd. and Guangxi Luobawang Food Co., Ltd.  *See* U.S. Trademark

Application Serial No. 87843511, 87835252, 88048247, 88513091, and 88385895.  These

applications are evidence that GB Green Gastronome, LLC is engaged in a pattern of

counterfeiting foreign brands here within the United States.

15

35.     Upon information and belief, the Defendants have adopted, commenced use of and/or are using and planning to use the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application with the intent and purpose of commercially exploiting and trading upon the fame, recognition, reputation and extensive goodwill built up by Shandong Shinho in the CONG BAN LV Logo® and the CONG BAN LV Trade Dress, and to reap the benefits of years of effort and investment by Shandong Shinho to create public recognition of the CONG BAN LV Logo® and the CONG BAN LV Trade Dress.

36.     The Defendants' use of the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application has caused, and is likely to continue to cause confusion, mistake or deception, now and in the future, as to the origin, source, and sponsorship of their products.  The Defendants' infringing activities violate Shandong Shinho's longstanding and exclusive intellectual property rights in the CONG BAN LV Logo® and the CONG BAN LV Trade Dress in connection with soybean paste products.  The Defendants have infringed Shandong Shinho's intellectual property and have brought a negative impact on Shandong Shinho's business.

37.     If the Defendants are permitted to continue producing, marketing, distributing, and selling products under the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao

Infringing Logo Application, Shandong Shinho is likely to lose future business from consumers who mistakenly purchased and consumed the Defendants' infringing and counterfeit products.

38.     As a direct and proximate result of the Defendants' unlawful conduct, Shandong Shinho has suffered, and will continue to suffer, irreparable injury to its distinctive CONG BAN LV Logo® and CONG BAN LV Trade Dress and to the goodwill and business reputation associated with its distinctive CONG BAN LV Logo® and CONG BAN LV Trade Dress.  The Defendants' unlawful conduct will continue unless enjoined and restrained by this Court. Shandong Shinho has no adequate remedy at law for the Defendants' continuing violations of its rights as set forth herein.

39.     Unless the Defendants' illegal activities are enjoined by this Court, the Defendants' unlawful activities will cause and/or are likely to cause consumers to suffer harm and/or injury.

### COUNT I:
### FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. §1114(1))

40.     Shandong Shinho re-alleges paragraphs 1 through 39 above and incorporates them by reference as if fully set forth herein.

41.     Defendants have used and continue to use the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application that are substantially indistinguishable from Shandong Shinho's CONG BAN LV Logo® and CONG BAN LV Trade Dress.  Defendants' actions are done with the intent and purpose of trading on the extensive goodwill built up by Shandong Shinho in the CONG BAN LV Logo® and the CONG BAN LV Trade Dress and to reap the

benefits of years of effort and investment by Shandong Shinho to create public recognition of the CONG BAN LV Logo® and the CONG BAN LV Trade Dress.

42.     Defendants' use of the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application constitute use of counterfeit trademarks and counterfeit trade dress in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) because Defendants are marketing, distributing and/or selling unauthorized soybean paste products bearing marks and encased in trade dress that is identical or substantially indistinguishable from Shandong Shinho's logos and trade dress.

43.     Defendants' conduct is causing immediate and irreparable injury to Shandong Shinho, and to its goodwill and reputation, and will continue both to damage Shandong Shinho and to confuse the public unless enjoined by this Court.  Shandong Shinho has no adequate remedy at law.

## COUNT II
## TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1))

44.     Plaintiff re-alleges paragraphs 1 through 43 above and incorporates them by reference as if fully set forth herein.

45.     Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's registered CONG BAN LV Logo® infringes Plaintiff's exclusive rights in the federally registered CONG BAN LV® Logo, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

46.     Defendants have used or intend to use a copy, variation, simulation or colorable imitation of the registered CONG BAN LV Logo® with full knowledge of the extensive prior use and registration of that mark by Plaintiff.  Defendant's unlawful conduct is and has been knowing, deliberate and willful.

47.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT III
## TRADE DRESS INFRINGEMENT (15 U.S.C. §1125 (a))

48.     Plaintiff re-alleges paragraphs 1 through 47 above and incorporates them by reference as if fully set forth herein.

49.     Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's distinctive CONG BAN LV Trade Dress infringes Plaintiff's exclusive rights in the distinctive CONG BAN LV Trade Dress, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. §1125(a).

50.     Defendants have used or intend to use a copy, variation, simulation or colorable imitation of the distinctive CONG BAN LV Trade Dress with full knowledge of the extensive prior use of that trade dress by Plaintiff.  Defendants' unlawful conduct is and has been knowing, deliberate and willful.

51.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**COUNT IV**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

52.     Plaintiff repeats and re-alleges paragraphs 1 through 51 above and incorporates them by reference as if fully set forth herein.

53.     Defendants' use of the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application is likely to cause confusion, mistake, or deception, and constitutes a false designation of origin, false description and false representation of Defendants' goods, and a false representation that Defendants' goods originate with or are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiff in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Defendants' unlawful conduct is and has been knowing, deliberate and willful.

54.     Defendants' conduct has caused and is causing immediate and irreparable injury to the Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and to confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**COUNT V**
**DILUTION AND INJURY TO BUSINESS REPUTATION**
**(N.Y. General Business Law §360-l)**

55.     Plaintiff repeats and re-alleges paragraphs 1 through 54 above and incorporates them by reference as if fully set forth herein.

56.     Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's distinctive CONG BAN LV Logo® and CONG BAN LV Trade Dress has caused and

will continue to cause dilution of the distinctive quality of Plaintiff's distinctive CONG BAN LV

Logo® and CONG BAN LV Trade Dress resulting in injury to Plaintiff's business reputation.

57.     Defendants' use of a copy, variation, simulation or colorable imitation of

Plaintiff's distinctive CONG BAN LV Logo® and CONG BAN LV Trade Dress in connection

with goods not controlled or subject to control by Plaintiff has caused and will continue to cause

dilution and/or injury to the reputation of Plaintiff and Plaintiff's goods.

58.     By reason of the foregoing, Plaintiff is entitled to injunctive relief under New

York General Business Law §360-l.

### COUNT VI
### DECEPTIVE TRADE PRACTICES
### (N.Y. General Business Law §349)

59.     Plaintiff repeats and re-alleges paragraphs 1 through 58 above and incorporates

them by reference as if fully set forth herein.

60.     By reason of the acts and practices set forth above, Defendants have and are

engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or

furnishing of goods in violation of §349 of the New York General Business Law.

61.     The public is likely to be damaged as a result of the deceptive trade practices or

acts engaged in by the Defendants.

62.     Unless enjoined by the Court, Defendants will continue said deceptive trade

practices or acts, thereby deceiving the public and causing immediate and irreparable damage to

the Defendants. Defendants have no adequate remedy at law.

### COUNT VII
### COMMON LAW UNFAIR COMPETITION

63.     Plaintiff repeats and re-alleges paragraphs 1 through 62 above and incorporates

them by reference as if fully set forth herein.

21

64. Upon information and belief, Defendants were aware of Plaintiff's prior rights, and adopted and used the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application in willful disregard of Plaintiff's rights.

65. Upon information and belief, Defendants' use of the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application has resulted in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendants.

66. The effect of Defendants' misappropriation of the goodwill symbolized by the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

67. Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT VIII
## COMMON LAW TRADEMARK INFRINGEMENT

68. Plaintiff repeats and re-alleges paragraphs 1 through 67 above and incorporates them by reference as if fully set forth herein.

22

69.     The unauthorized, intentional, willful and bad faith acts and practices of Defendants set forth above constitute trademark infringement in violation of common law.

70.     Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

71.     The acts and practices of Defendants complained of herein have caused and, unless enjoined by the Court, are likely to continue to cause Plaintiff to suffer irreparable harm.

72.     Plaintiff has no adequate remedy at law and is entitled to and seeks injunctive relief as a result thereof.

<strong><u>JURY DEMAND</u></strong>

Plaintiff hereby requests a trial by jury on all issues so triable by right.

<strong><u>PRAYER FOR RELIEF</u></strong>

1.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

(a)     producing, importing, distributing, offering for sale and/or selling any products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application, or authorizing any third party to produce, import, distribute, offer for sale and/or sell unauthorized products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application;

(b)      making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(c)      diluting the distinctive quality of Plaintiff's CONG BAN LV Logo® and the CONG BAN LV Trade Dress;

(d)      engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's CONG BAN LV Logo® and the CONG BAN LV Trade Dress;

(e)      continuing to produce, import, distribute, offer for sale and/or sell unauthorized products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application; and

(f)      aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (e).

2.      Requiring Defendants to recall immediately any and all products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application from all of their

distributors, retail establishments or wholesale establishments wherever located, and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of any such products and to immediately remove such products from public access.

3.      Directing that Defendants deliver for destruction all products bearing the Small and Big Flower CONG BAN JIANG Logos, the Sealing Film Logo, the Infringing Product Packaging, and the marks covered by the GB Green Gastronome Infringing Application, the Yao Infringing Character Application, and the Yao Infringing Logo Application.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiff or related in any way to Plaintiff's soybean paste products.

5.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

6.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' counterfeiting, trademark and trade dress infringement, dilution and unfair competition.

7.      Awarding Plaintiff statutory damages and all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violations of the Lanham Act and its counterfeiting activities.

8.     Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

10.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

Dated: January 2, 2020

Respectfully submitted,

Duane Morris LLP

By: /s/ *Brian D. Siff*

Brian D. Siff
Gregory P. Gulia
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail: bdsiff@duanemorris.com
E-mail: gpgulia@duanemorris.com

Christiane Campbell (admitted *pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1817
Facsimile: (215) 689-4910
E-mail: ccampbell@duanemorris.com

Gilbert A. Greene (admitted *pro hac vice*)
Jun Zheng (admitted *pro hac vice*)
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Hwy
Suite 300
Austin, TX 78746-5435
Telephone: (512) 277-2300
Facsimile: (512) 597-0703

E-mail: bgreene@duanemorris.com
E-mail: jzheng@duanemorris.com

*Attorneys for Plaintiff, Shandong Shinho*
*Industries Co., Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document is being filed on this 2nd day of January, 2020, via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record as well as by U.S. mail.

 /s/ *Brian D. Siff*
Brian D. Siff

DM2\10664738.5